**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DR. MARCIA FLAGLER,

        **Plaintiff,**

v.                                                                          Case No: 6:25-cv-2328-CEM-DCI

JONES ALTERNATIVE/ EXECUTIVE
THOUGHT PARTNERS,

        **Defendant.**

                                /

## ORDER

Dr. Marcia Flagler (Plaintiff), proceeding *pro se*, purportedly brings this case against "Jones Alternative/Executive Thought Partners" for claims related to employment discrimination. Doc. 1. The matter is before the Court on a review of the docket and the pending motion to dismiss (Doc. 21) and motion for clerk's entry of default. Doc. 25. Both parties have struggled to comply with the rules and orders governing this case. *See e.g.*, Docs. 7, 24. As will be discussed, both pending motions will be denied without prejudice, Plaintiff will be given leave to amend the complaint, and Plaintiff must establish proper service in relation to an amended pleading, if filed.

The difficulty concerning this case begins with the Complaint. Doc. 1. In the Complaint, Plaintiff brings four claims against "Jones Alternative/Executive Thought Partners" and identifies that entity throughout as "Defendant," in the singular, identifying "Defendant" as a corporation. *Id*. at 1. Further, in each of the four claims in the Complaint, Plaintiff incorporates by reference the first 13 paragraphs of the Complaint and makes a legal conclusion concerning liability. *See id*. at 2-3. Even setting aside the difficulty in determining the defendant in this case (which will be discussed further), the combination of the repeated incorporation of the same allegations in each

claim in conjunction with a bare legal conclusion fails to comply with the pleading requirements of the Federal Rules of Civil Procedure.

Thereafter, Plaintiff made several improper filings, resulting in stricken filings and denied motions. *See* Docs. 7, 11, 14, 18, 23. Further, Plaintiff has been directed to show cause twice, and both orders to show cause remain pending. *See* Docs. 12, 24. In the first order to show cause—related to Plaintiff's failure to timely serve pursuant to Federal Rule of Civil Procedure 4(m)—the Court directed Plaintiff to file proof of service within 14 days. Doc. 12. Twenty days later, Plaintiff filed a "Return of Service" purporting to show service of a motion and the Complaint upon "Executive Though Partners/Jones Alternatives." Doc. 16 (apparent misspelling in the original).

Similarly, the Court struck a *pro se* Answer by the managing director of Executive Thought Partners, LLC. *See* Docs. 17, 19. In the order striking that Answer, the Court stated that, "Defendant must retain counsel to appear on its behalf and counsel must respond to the Complaint." Doc. 19. But it remains unclear whether that limited liability company is even a defendant named in this action.

Thereafter, through counsel, "Defendant Executive Thought Partners, LLC" filed a motion to dismiss. Doc. 21. The motion to dismiss captioned the case as including "Jones Alternative and Executive Thought Partners, LLC, Defendants," plural. *Id*. Further, in the motion to dismiss, it was asserted that Plaintiff failed entirely to respond to requests for conferral pursuant to Local Rule 3.01(g). *Id*. at 1. Based on that representation, the Court entered a second order to show cause, stating that:

> On or before 6/11/2026, Plaintiff shall show cause in writing why this case should not be dismissed for a failure to respond to a request for conferral in violation of Local Rule 3.01(g). See Doc. 21 at 1; Doc. 4 ("Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not

limited to, the dismissal of this action or entry of default without further notice."). Failure to file a response to this Order as directed may result in dismissal of this case without further notice.

Doc. 24. However, the movant also failed to comply with the ongoing supplementation and conferral requirements of Local Rule 3.01(g)(3).

Plaintiff then filed a motion for entry of clerk's default. Doc. 25. In the motion, Plaintiff captions the case as being against "Jones Alternative and Executive Thought Partners, LLC, Defendants," plural. *Id*. Further, Plaintiff refers repeatedly to "Defendants," plural, and seeks entry of default against both "Defendants." *See id*. Indeed, Plaintiff states that, "Plaintiff initiated this action against Defendants Jones Alternatives, Inc. and Executive Thought Partners, LLC." *Id*. at 1. However, that is not an accurate statement given the allegations in the Complaint. *See* Doc. 1. In addition, the motion fails to comply with the conferral requirements of Local Rule 3.01(g) and the formatting requirements of Local Rule 1.08.

Plaintiff also filed a response to the motion to dismiss. Doc. 26. In the response, Plaintiff again captions the case as being against "Jones Alternative and Executive Thought Partners, LLC, Defendants," plural. *Id*. And the filing again fails to comply with the formatting requirements of Local Rule 1.08.

Thus, at core, the Court cannot discern who Plaintiff brings this action against, which entity each allegation in the Complaint relates to, which entity was served, or whether service was proper.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And a shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. of*

- 3 -

*Trustees of Cent. Fla.*, 77 F.3d 364, 366 (11th Cir. 1996). There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland*, 792 F.3d at 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323. The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings "for imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr. N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010) (collecting cases). Indeed, shotgun pleadings require the court to sift through allegations to separate meritorious claims resulting in a "massive waste of judicial and private resources." *Id*.

District courts have a duty to *sua sponte* order repleading when faced with a complaint that can be characterized as "shotgun." *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. Sept. 2006) ("We also remind district courts of their supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to adequately link a cause of action to its factual predicates."); *see also Smith v. Automatic Data Processing, Inc.*, 2021 WL 4148326, at *1, 5 (M.D. Fla. Sept. 13, 2021) (denying as moot motions to dismiss and dismissing *sua sponte* a complaint as a shotgun pleading); *M.H. v. Omegle.Com LLC*, 2021 WL 4935799, at *1 to 2 (M.D. Fla. Sept. 15, 2021) (denying as moot a

motion to dismiss a complaint on the merits because the court found *sua sponte* that a complaint was a shotgun pleading).

Here, the Complaint, the docket, and the Court's prior orders reflect that this action is against a single defendant called "Jones Alternative/Executive Thought Partners." Doc. 1. But, based on the parties' evolving descriptions in the fillings, it appears that this action might be against two defendants, one a corporation and the other a limited liability company. Doc. 25. If that's true, there is no way for each defendant—or the Court—to determine which allegations in the Complaint apply to which defendant. Further, it is unclear whether Plaintiff served either defendant.[1] And it's also unclear whether the motion to dismiss was intended to be filed solely by one of those defendants, or by both. Further, both parties have struggled to comply with the Local Rules. The filer of the motion to dismiss failed to comply with Local Rule 3.01(g)(3), and Plaintiff has repeatedly failed to comply with Local Rules 1.08 and 3.01(g). And this Court has warned repeatedly that, "Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice." *See* Docs. 4, 24.

So, what's to be done? First, both motions are due to be denied without prejudice for failure to comply with the Local Rules. Second, Plaintiff's pleading must be clarified, as it is a shotgun pleading in its current form. Plaintiff will be given leave to file an amended complaint. Third, service must be completed or clarified. If the amended complaint names two defendants, both must be served in compliance with the Local Rules and returns of service must be filed.

Accordingly, it is **ORDERED** that:

---

[1] Its also unclear whether service was proper as to any party, as the return of service indicates service of the Complaint but not the summons. Service of both documents is required by the Federal Rules.

1. The motion to dismiss (Doc. 21) and the motion for entry of clerk's default (Doc. 25) are **DENIED without prejudice**.

2. On or before June 17, 2026, Plaintiff may file an amended complaint. In the meantime, any defendant's obligation to respond to the pending Complaint is **STAYED** pending the filing of an amended complaint. If Plaintiff files an amended complaint, a response is due to that amended complaint in compliance with the Federal Rules of Civil Procedure. If Plaintiff fails to file an amended complaint in the time provided, the Complaint (Doc. 1) is subject to dismissal as a shotgun pleading without further notice.

3. If an amended complaint is filed, then, on or before July 8, 2026, Plaintiff must file a return of service establishing proper service upon any defendant named in that amended complaint. Failure to establish service by that date may result in dismissal of this action without further notice for failure to prosecute. If additional time is needed for service, Plaintiff must file an appropriate motion for an extension of time. To the extent counsel who filed the motion to dismiss is counsel for any named defendant in the amended complaint, counsel is reminded that a defendant may waive service.

4. Plaintiff's response to the motion to dismiss (Doc. 26) is **STRICKEN** for a failure to comply with Local Rule 1.08. Any filing that fails to comply with the Local Rules of this Court is subject to being stricken or denied without further notice.

5. Plaintiff is reminded that a written response to the pending order to show cause is due on or before June 11, 2026. *See* Doc. 24.

**ORDERED** in Orlando, Florida on June 3, 2026.

Copies furnished to:

Counsel of Record
Unrepresented Parties

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE